UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN ANTHONY ROBINSON,<br><br>            Petitioner,<br>vs.<br><br>STANLEY SNIFF, SHERIFF,<br><br>            Respondent. | Case No. EDCV 09-0033-DDP(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS |

On January 7, 2009, petitioner Deshawn Anthony Robinson, a pretrial detainee in the Riverside County jail who is proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his pretrial confinement in Riverside County Superior Court case no. RIF128568 on the grounds of lack of probable cause for his arrest, the setting of excessive bail for his release, the lack of access to pretrial discovery, and other grounds.

**DISCUSSION**

The seminal case of Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) establishes that under principles of comity and federalism, a federal court should not interfere with

ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. Id. at 44, 91 S. Ct. at 750; Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982); Samuels v. Mackell, 401 U.S. 66, 69, 91 S. Ct. 764, 766, 27 L. Ed. 2d 688 (1971). This principle of "Younger abstention" is also applicable to claims raised in federal habeas corpus proceedings. Edelbacher v. Calderon, 160 F.3d 582, 587 (9th Cir. 1998); Carden v. State of Montana, 626 F.2d 82, 83-85 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests and afford an adequate opportunity to raise federal questions, and if the federal relief sought would interfere in some manner with the state court litigation. Middlesex County Ethics Comm'n, 457 U.S. at 432, 102 S. Ct. at 2521; Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001)(en banc). Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other "extraordinary circumstances" exist, such as proceedings pursuant to a "flagrantly" unconstitutional statute. Younger, 401 U.S. at 49, 53-54, 91 S. Ct. at 753, 755.

Here, all the prerequisites to the application of abstention under *Younger* have been met. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and
//

2

has not reached final adjudication.[1] H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). Second, the State undeniably has an important interest in protecting the public by the filing and prosecuting of criminal proceedings. Seling v. Young, 531 U.S. 250, 262, 121 S. Ct. 727, 734, 148 L. Ed. 2d 734 (2001). Third, the state court criminal proceedings afford an opportunity for petitioner, who is the defendant, to raise constitutional claims regarding the lack of probable cause, excessive bail and lack of discovery, such as petitioner raises herein. Finally, the remedy the petitioner seeks, the issuance of a writ of habeas corpus, would clearly interfere with the ongoing state criminal proceeding, see Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from custody."), and petitioner has not identified any "extraordinary circumstances" warranting an exception to the *Younger* doctrine.

Moreover, as noted above, petitioner is seeking federal court review of a state criminal proceeding before he has been convicted and sentenced, and before he has exhausted his state court remedies regarding his conviction and sentence. Thus, the habeas petition is

---

[1] A criminal conviction is final in the context of federal habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 478 U.S. 314, 321 n.6, 107 S. Ct. 708, 712, 93 L. Ed. 2d 649 (1987); Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003).

1 premature.  See 28 U.S.C. § 2254(b), (c); McQueary v. Blodgett, 924
2 F.2d 829, 833 (9th Cir. 1991).  Rather, petitioner must be convicted
3 and sentenced and have appealed his conviction to the California
4 Supreme Court and/or sought post-conviction habeas corpus relief from
5 the California Supreme Court before his claim is ripe for federal
6 habeas review.
7
8      Both comity and the interest of judicial economy are served by
9 affording "[t]he state courts . . . the first opportunity to examine
10 the lawfulness of the state prisoner's confinement.  If the prisoner's
11 claim is meritorious, and the state remedy is prompt and complete,
12 there is no need to bring post-conviction proceedings in federal
13 courts."  Sherwood v. Tomkins, 716 F.2d 632, 633 (9th Cir. 1983)
14 (quoting Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982), cert.
15 denied, 463 U.S. 1212 (1983)).  "Where a petitioner seeks pre-
16 conviction habeas relief, this exhaustion prerequisite serves two
17 purposes: (1) to avoid isolating state courts from federal
18 constitutional issues by assuring those courts an ample opportunity to
19 consider constitutional claims; and (2) to prevent federal
20 interference with state adjudication, especially state criminal
21 trials."  Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74
22 L. Ed. 2d 3 (1982).  "[O]nly in the most unusual circumstances is a
23 defendant entitled to have federal interposition by way of injunction
24 or habeas corpus until after the jury comes in, judgment has been
25 appealed from and the case concluded in the state courts."  Carden,
26 626 F.2d at 83-4.  As discussed above, no such "unusual circumstances"
27 are present here.
28 //

4

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." The instant petition shows that petitioner's state court criminal proceeding is still pending and not final; thus, the petition must be dismissed without prejudice.

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus and action.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: April 17, 2009

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: January 9, 2009

/s/ ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&Rs-MDOs\09-0033.mdo
1/9/098